# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| Valley Forge Insurance Company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Aquawood, LLC, and Brian Dubinsky, Tammie Ackelson, Robin Drake, Heather Miller, Ammee Roush, and Danielle Rennenger<br><br>　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW, Plaintiff Valley Forge Insurance Company ("Valley Forge"), and for its Complaint for Declaratory Judgment against Aquawood, LLC and Brian Dubinsky (collectively, "Insureds"), Tammie Ackelson, Robin Drake, Heather Miller, Ammee Roush, and Danielle Rennenger, states as follows:

## NATURE OF ACTION

1. This is an action seeking declaratory relief for the purpose of resolving an insurance coverage dispute with respect to five separate underlying lawsuits (the "Iowa Actions"), in which the Insureds are among the defendants. The Iowa Actions seek to collect prior judgments obtained in various other lawsuits arising out of allegations of sexual harassment and discrimination in the employment context.

2. The Insureds are seeking insurance coverage for the Iowa Actions under an insurance policy issued by Valley Forge. Valley Forge seeks a declaration from this Court that it has no duty to defend or indemnify its Insureds in connection with the

Iowa Actions because the insurance policy's coverage is not triggered by the Iowa Actions. Further, the insurance policy contains certain exclusions that apply here and bar coverage for the Iowa Actions.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the plaintiff is a citizen of a different state than defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in the Southern District of Iowa pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

5. Valley Forge is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in the State of Illinois.

6. Aquawood, LLC is a limited liability company organized under the laws of the State of California. Upon information and belief, Brian Dubinsky ("Dubinsky") is the sole member of Aquawood.

7. Dubinsky is an individual residing in the State of California.

8. Aquawood and Dubinsky are defendants in the Iowa Actions. Valley Forge is providing a defense of the Insureds in the Iowa Actions pursuant to a reservation of rights.

9. Tammie Ackelson is a natural person and resident of Indianola, Iowa.

10. Robin Drake is a natural person and resident of Milo, Iowa.

11. Heather Miller is a natural person and resident of Iowa.

12. Ammee Roush is a natural person and resident of Indianola, Iowa.

13. Danielle Rennenger is a natural person and resident of Oklahoma City, Oklahoma.

## BACKGROUND

14. Valley Forge issued a policy of insurance, with a policy number ending in 0752, to Aquawood with a policy period of April 30, 2015 to April 30, 2016 (the "Policy"). A true and correct copy of the Policy, with premium information redacted, is attached hereto as **Exhibit 1**. The Policy includes the following definition of an Insured:

> C. Who is An Insured
>   1. If you are designated in the Declaration as:
>      …
>      c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**Exhibit 1** at PDF p. 105.

15. Aquawood is an Insured under the Policy, and Dubinsky is an Insured with respect to conduct of the business and/or with respect to his duties as a manager of Aquawood.

16. The Policy includes a Businessowners Liability Coverage Form (SB-300000-C (Ed. 04/10)). The Policy provides in part:

> **A. Coverages**
>   1. Business Liability (Bodily Injury, Property Damage, Personal and Advertising Injury)
>      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal

3

and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury," to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Section D - Liability And Medical Expenses Limits Of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses to which this insurance applies.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.

> b. This insurance applies:
>
> ***
>
> (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

***

**F. Liability And Medical Expenses Definitions**

***

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death, humiliation, shock, mental anguish or mental injury by that person at any time which results as a consequence of the bodily injury, sickness or disease.

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a

4

person occupies, committed by or on behalf of its owner, landlord or lessor;

a. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication, in any manner, of material that violates a person's right of privacy;

c. The use of another's advertising idea in your "advertisement"; or

d. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

\*\*\*

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it;

or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**Exhibit 1** at PDF pp. 96, 108–110.

17. The Policy contains certain exclusions, including the following:

**B. Exclusions**

**1. Applicable To Business Liability Coverage**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

**p. Personal And Advertising Injury**

"Personal and advertising injury":

5

> (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";
>
> \*\*\*
>
> (4) Arising out of a criminal act committed by or at the direction of any insured;
>
> \*\*\*
>
> **r.** "Bodily injury" or "personal and advertising injury" to:
>
> **(1)** A person arising out of any;
>
> \*\*\*
>
> **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person;

**Exhibit 1** at PDF pp. 95, 98, 102–103.

18. In April 2019, Danielle Rennenger, Ammee Roush, Robin Drake, Heather Miller, and Tammie Ackelson (the "Iowa Plaintiffs") filed the Iowa Actions against the Insureds and other parties seeking enforcement of judgments in the collective amount of about $2,400,000.

19. On September 9, 2020, the Iowa Plaintiffs filed the operative second amended complaints in the Iowa Actions. Therein, the Iowa Plaintiffs allege that they have been unable to collect judgments against the Insured and others, as a result of an improper scheme to evade collections by the Insureds and others. It is alleged by the Iowa Plaintiffs that the Insureds and others have committed bankruptcy offenses, customs fraud, wire fraud, obstruction of justice, and money laundering to avoid collection of these judgments.

20. The Iowa Actions each assert three identical claims against the Insureds and others, including (1) violation of the RICO Act, 18 U.S.C. § 1962(c); (2) violation of the RICO Act, 18 U.S.C. § 1962(d); and (3) piercing the corporate veil. The Iowa Plaintiffs each seek an award of compensatory damages of at least the principal amount of their respective underlying judgment, treble damages, exemplary/punitive damages, restitution, disgorgement of profits, attorneys' fees, costs, and pre-and post-judgment interest, declaratory relief, and injunctive relief.

21. Valley Forge has been defending the Insureds in each of the Iowa Actions pursuant to a reservation of rights.

## FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### No Duty to Defend Insureds in the Iowa Actions

22. Valley Forge incorporates by reference all other paragraphs in its Complaint as if fully set forth herein.

23. An actual controversy has arisen and now exists between Valley Forge, on the one hand, and the Insureds, and each of them, on the other hand, concerning their respective rights and duties under the Policy with respect to insurance coverage for the Iowa Actions and the damages allegedly sustained by each Plaintiff and alleged in the Iowa Actions.

24. The Insureds have demanded that Valley Forge defend and indemnify them under the Policy for any damages sustained in the Iowa Actions.

25. Valley Forge has no obligation to defend the Insureds under the Policy for the injuries allegedly sustained and alleged in the Iowa Actions because the allegations

against the Insureds in the Iowa Actions do not allege "bodily injury," "property damage," or an "occurrence" as defined by the Policy, and consequently do not trigger the Bodily Injury or Property Damage Coverage. Valley Forge further has no obligation to defend the Insureds under the Policy for the injuries allegedly sustained and alleged in the Iowa Actions because the allegations against the Insureds in the Iowa Actions do not include an offense within the Policy's definition of "personal and advertising injury" and consequently do not trigger the Personal and Advertising Injury Coverage.

26. Valley Forge additionally has no obligation to defend the Insureds under the Policy for the injuries allegedly sustained and alleged in the Iowa Actions because even if the Iowa Actions triggered the Personal and Advertising Injury Coverage, the Policy's exclusions, including exclusions barring coverage for Personal Advertising Injury (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"; (2) Arising out of a criminal act committed by or at the direction of any insured; and (3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.

27. Other coverage defenses, including, but not limited to, the allegedly intentional and/or willful conduct of the Insureds at issue in the Iowa Actions, may also preclude or exclude a duty to defend the Insureds under the Policy for the Iowa Actions.

28. Valley Forge seeks a judicial determination of its rights and duties under the Policy with respect to its duty to defend the Insureds in the Iowa Actions.

29. A judicial determination is necessary and appropriate at this time under the circumstances in order for the parties to ascertain their rights and duties under the Policy. Said controversy is incapable of resolution without judicial adjudication. Accordingly, Valley Forge has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that it has no duty to defend the Insureds under the Policy for the injuries alleged in the Iowa Actions.

**SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

**No Duty to Indemnify Insureds in Iowa Actions**

30. Valley Forge incorporates by reference all other paragraphs in its Complaint as if fully set forth herein.

31. An actual controversy has arisen and now exists between Valley Forge, on the one hand, and the Insureds, and each of them, on the other hand, concerning their respective rights and duties under the Policy with respect to insurance coverage for the Iowa Actions and the damages allegedly sustained by each Plaintiff and alleged in the Iowa Actions.

32. The Insureds have demanded that Valley Forge defend and indemnify them under the Policy for any damages sustained in the Iowa Actions.

33. Valley Forge has no obligation to indemnify the Insureds under the Policy for the injuries allegedly sustained and alleged in the Iowa Actions because the allegations against the Insureds in the Iowa Actions do not allege "bodily injury," "property

9

damage," or an "occurrence" as defined by the Policy, and consequently do not trigger the Bodily Injury or Property Damage Coverage. Valley Forge further has no obligation to indemnify the Insureds under the Policy for the injuries allegedly sustained and alleged in the Iowa Actions because the allegations against the Insureds in the Iowa Actions do not include an offense within the Policy's definition of "personal and advertising injury" and consequently do not trigger the Personal and Advertising Injury Coverage.

34. Valley Forge additionally has no obligation to indemnify the Insureds under the Policy for the injuries allegedly sustained and alleged in the Iowa Actions because even if the Iowa Actions triggered the Personal and Advertising Injury Coverage, the Policy's exclusions, including exclusions barring coverage for Personal Advertising Injury (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"; (2) Arising out of a criminal act committed by or at the direction of any insured; and (3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.

35. Other coverage defenses, including, but not limited to, the allegedly intentional and/or willful conduct of the Insureds at issue in the Iowa Actions, may also preclude or exclude a duty to indemnify the Insureds under the Policy for the Iowa Actions.

36. Valley Forge seeks a judicial determination of its rights and duties under the Policy with respect to its duty to indemnify the Insureds in the Iowa Actions.

37. A judicial determination is necessary and appropriate at this time under the circumstances in order for the parties to ascertain their rights and duties under the Policy. Said controversy is incapable of resolution without judicial adjudication. Accordingly, Valley Forge has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that it has no duty to indemnify the Insureds under the Policy for the injuries alleged in the Iowa Actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Valley Forge Insurance Company prays for relief as follows:

1. That the Court enter an Order stating that Valley Forge has no duty to defend the Insureds for injuries alleged in the Iowa Actions because the allegations in the Iowa Actions do not trigger coverage under the Policy;

2. That the Court enter an Order stating that Valley Forge has no duty to defend the Insureds for injuries alleged in the Iowa Actions because even if coverage is triggered by the allegations, one or more exclusions in the Policy bar coverage for the Insureds;

3. That the Court enter an Order stating that Valley Forge has no duty to indemnify the Insureds for injuries alleged in the Iowa Actions because the allegations do not trigger coverage under the Policy;

4. That the Court enter an Order stating that Valley Forge has no duty to defend the Insureds for injuries alleged in the Iowa Actions because even if coverage is triggered by the allegations, one or more exclusions in the Policy bar coverage for the Insureds;

5. For costs incurred herein; and

6. For such other relief as the Court deems just and proper.

Respectfully submitted,

Date: January 29, 2025

**KUTAK ROCK LLP**

By: */s/ Marcus P. Zelzer*
Marcus P. Zelzer, AT0014571
Leland P. Abide (*pro hac vice* to be applied for)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
PH: 612-334-5000
FX: 612-334-5050
marcus.zelzer@kutakrock.com
leland.abide@kutakrock.com

*Attorneys for Plaintiff Valley Forge Insurance Company*

4934-6058-4721.3